IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZELDA V. GAY, | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-1694-L |
| | ) | |
| OFFICER GRAY, | ) | |
|        Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. 636(b) and an order of this court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**Parties:**

Plaintiff Zelda Gay is proceeding *pro se*, and has been granted leave to proceed *in forma pauperis*. Defendant is Baylor Hospital police officer Gray.

**Factual background:**

Plaintiff was a patient at Baylor Hospital when she alleges she was assaulted by a nurse. The nurse contacted Officer Gray and alleged that Plaintiff assaulted her. Officer Gray wrote Plaintiff a ticket. Plaintiff was later acquitted of the charges. Plaintiff states Officer Gray failed to make a "proper inquiry into the assault against me before I was issued a ticket." (Magistrate Judge's Questionnaire, Answer No. 4.)

**Discussion:**

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001).

Plaintiff states Defendant's action violates Texas state law. (Magistrate Judge's Questionnaire, Answer No. 4.) Federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. In this case, Plaintiff lists a Texas address for her and for the Defendant. Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

Additionally, to the extent Plaintiff is attempting to file this complaint pursuant to 42 U.S.C. § 1983, the claim is without merit. There is no constitutional right to an investigation by law enforcement officials. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (stating lack of police investigation, by itself, is not a deprivation of a constitutional right); *Calton v. City of Garland*, No. 3:02-CV-2215-N (N.D. Tex. July 18, 2003), 2003 WL 21685596 at *4 ("inadequate or invalid investigation is insufficient to state a civil rights claim unless another recognized constitutional right is involved.").

Courts have a continuing obligation to examine the basis for jurisdiction. *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may sua sponte raise the jurisdictional issue at any time. *Id*. Federal Rule of Civil Procedure 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter." Because it appears that the Court lacks subject matter jurisdiction, this action should be dismissed.

**RECOMMENDATION:**

The Court recommends that this case be dismissed for lack of subject matter jurisdiction. Signed this 14th day of September, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).